1   Ben Bedi (State Bar No. 172591)
    e-mail: ben.bedi@ecotechlaw.com
2   Dara Tabesh (State Bar No. 230434)
    e-mail: dara.tabesh@ecotechlaw.com
3
    EcoTech Law Group, P.C.
4   201 Spear St. Ste. 1100
    San Francisco, CA 94105
5   Telephone: (415) 230-5376
    Facsimile: (415) 230-5310
6
    Attorneys for Plaintiff
7

**Filed**

ADR

AUG 1 7 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-filing

8           UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

10

11

12   PATENT MANAGEMENT
     FOUNDATION, LLC,
13
                Plaintiff,
14
          v.
15
     ANALOG DEVICES, INC.,
16
                Defendant.
17

Case Number: **CV 10-03630**

**COMPLAINT FOR FALSE PATENT MARKING**

**JURY TRIAL DEMANDED**

18

19

20

21

22

23

24

25

26

27

28

Case No.:

**COMPLAINT FOR FALSE PATENT MARKING**

**COMPLAINT FOR FALSE PATENT MARKING**

Plaintiff Patent Management Foundation, LLC ("Plaintiff" or "Patent Management Foundation"), by its attorneys, hereby complains against Defendant Analog Devices, Inc. ("Defendant" or "Analog Devices") as follows:

**NATURE OF THE CASE**

1.     This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. § 292.

2.     As set forth below, Defendant has violated 35 U.S.C. § 292(a), by marking at least certain of its AD537, AD549, AD558, AD580, AD584, AD588, AD592, AD596, AD597, AD667, AD574A, AD767, AD781, AD783, AD7112, AD7776, AD7777, AD7778, AD7837, AD7847, AD8305, AD22103, ADG508F, ADG509F, ADG528F, DAC10, SMP04, and TMP17 products (collectively, "the Accused Products") (attached as Exhibit A to this Complaint is the first page of each data sheet for each of the above-listed products, presented in the above (alphanumeric) order) with one or more of the following United States Patents (collectively, "the Expired Patents"), even though all such patents are expired:

- 3,887,963 ("the '963 Patent"), expired since June 10, 1992; and
- RE 30,586 ("the RE '586 Patent"), expired since June 3, 1992; and
- 4,639,683 ("the '683 Patent"), expired since February 7, 2006; and
- 3,887,863 ("the '863 Patent"), expired since June 3, 1992; and
- 3,685,045 ("the '045 Patent"), expired since August 15, 1989; and
- 4,323,795 ("the '795 Patent"), expired since February 12, 2000; and
- 4,644,253 ("the '253 Patent"), expired since February 13, 2006; and
- 4,123,698 ("the '698 Patent"), expired since July 6, 1996; and
- 4,029,974 ("the '974 Patent"), expired since June 14, 1994; and
- 3,803,590 ("the '590 Patent"), expired since April 9, 1991; and
- 4,213,806 ("the '806 Patent"), expired since July 22, 1997; and
- 4,511,413 ("the '413 Patent"), expired since October 5, 2003; and
- RE 28,633 ("the RE '633 Patent"), expired since July 17, 1990; and

1   • 3,890,611 ("the '611 Patent"), expired since June 17, 1992; and

2   • 3,932,863 ("the '2,863 Patent"), expired since Jan. 13, 1993; and

3   • 3,978,473 ("the '473 Patent"), expired since Aug. 31, 1993; and

4   • 4,020,486 ("the '486 Patent"), expired since April 26, 1994; and

5   • 4,962,325 ("the '325 Patent"), expired since September 9, 2008; and

6   • 4,521,764 ("the '764 Patent"), expired since June 4, 2002; and

7   • 4,990,916 ("the '916 Patent"), expired since January 30, 2010; and

8   • 4,590,456 ("the '456 Patent"), expired since May 20, 2003; and

9   • 4,604,532 ("the '532 Patent"), expired since August 5, 2003; and

10  • 5,030,849 ("the '849 Patent"), expired since June 30, 2009; and

11  • 4,446,303 ("the '303 Patent"), expired since July 26, 2003; and

12  • 4,055,770 ("the '770 Patent"), expired since October 25, 1994; and

13  • 4,056,740 ("the '740 Patent"), expired since November 1, 1994; and

14  • 4,092,639 ("the '639 Patent"), expired since January 6, 1996; and

15  • 4,739,281 ("the '281 Patent"), expired since August 28, 2006.

16  (Attached as Exhibit B to this Complaint is a copy of the first page of each of the above-listed

17  patents, presented in the above order.)

18      3.     Defendant had actual knowledge of its false marking by April 8, 2008 at the latest,

19  when it received a letter dated April 7, 2008, from Plaintiff, notifying Defendant of the false

20  patent marking described below, and in particular, described in each of Causes of Action 1-28

21  ("the Mismarking Letter").

22      4.     Plaintiff seeks an award of monetary damages against Defendant pursuant to 35

23  U.S.C. § 292(b) of up to $500 for each offense, with one-half going to the use of the United States

24  and the other half going to entity bringing the action.

25                          **THE PARTIES**

26      5.     Plaintiff is a limited liability corporation incorporated in the State of California

27  with its principal place of business at 2055 Junction Ave., Suite 205, San Jose, CA 95131.

28  Plaintiff is seeking non-profit status and is devoted to consulting, training, and assisting

intellectual property right owners; monitoring intellectual property rights; and representing the interests of otherwise unrepresented parties (*e.g.*, consumers) against various misuses of patents and the patent system by commercial entities.

6. Defendant Analog Devices is a Corporation established under the laws of the State of Massachusetts, with its principal place of business at One Technology Way, Norwood, Massachusetts, 02062-9106.

7. Upon information and belief, Defendant maintains a sales office at 3550 North First St., San Jose, CA 95134.

8. Upon information and belief, Defendant maintains engineering and administrative offices at 1741 Technology Drive, San Jose, CA 95110.

9. Defendant was formed in 1965. In 1969, became a publicly traded company. Since 1979, Defendant has been listed on the New York Stock Exchange.

10. Upon information and belief, Defendant, an American corporation, is a multinational semiconductor company specializing in data conversion and signal conditioning technology. Defendant has design, manufacturing, testing, and development facilities in the U.S. and throughout the world, including the Republic of Ireland, the Philippines, Scotland, England, Australia, Germany, Spain, Israel, China, Japan, Taiwan, and India.

11. As recently as 2008, Defendant generated revenues of approximately $2.6 billion and employed approximately 8,500 people.

12. Defendant's products are used in industrial process controls, medical and scientific instruments, communications gear, computers, and consumer electronics devices.

13. On information and belief, Defendant typically sells its products via distributors, with advertising and marketing online.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. Venue properly lies in the Northern District of California pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale

and sold in this District, and Defendant maintains contacts and purposefully avails itself of this jurisdiction via its sales office and engineering and administrative office located in this jurisdiction.

16.     This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District.  Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

### THE EXPIRED PATENTS

17.     The '963 Patent, entitled "Control knob assembly," was filed on June 19, 1974, issued on June 10, 1975, and expired on June 10, 1992.

18.     The RE '586 Patent, entitled "Solid-state regulated voltage supply," was filed on February 2, 1979, issued on April 21, 1981, and expired on June 3, 1992April 21, 1990.

19.     The '683 Patent, entitled "Very low input current JFET amplifier," was filed on February 7, 1986, issued on January 27, 1987, and expired on February 7, 2006.

20.     The '863 Patent, entitled "Solid-state regulated voltage supply," was filed on November 28, 1973, issued on June 3, 1975, and expired on June 3, 1992.

21.     The '045 Patent, entitled "Digital-to-analog converters," was filed on March 24, 1969, issued on August 15, 1972, and expired on August 15, 1989.

22.     The '795 Patent, entitled "Bias current network for IC digital-to-analog converters and the like," was filed on February 12, 1980, issued on February 12, 2000, and expired on April 6, 1999.

23.     The '253 Patent, entitled "Voltage reference source with true ground sensing and force-sense outputs referred thereto," was filed on February 13, 1986, issued on February 17, 1987, and expired on February 13, 2006.

24.     The '698 Patent, entitled "Integrated circuit two terminal temperature transducer," was filed on July 6, 1976, issued on October 31, 1978, and expired on July 6, 1996.

---

Case No.                                          Page 4

**COMPLAINT FOR FALSE PATENT MARKING**

25.     The '974 Patent, entitled "Apparatus for generating a current varying with temperature," was filed on November 13, 1975, issued on June 14, 1977, and expired on June 14, 1994.

26.     The '590 Patent, entitled "Constant-current digital-digital-to-analog converter," was filed on January 24, 1972, issued on April 9, 1974, and expired on April 9, 1991.

27.     The '806 Patent, entitled "Forming an IC chip with buried zener diode," was filed on October 5, 1978, issued on July 22, 1980, and expired on July 22, 1997.

28.     The '413 Patent, entitled "Process for forming an IC wafer with buried Zener diodes," was filed on October 5, 1983, issued on April 16, 1985, and expired on October 5, 2003.

29.     The RE '633 Patent, entitled "Solid state digital-to-analog converter," was filed on November 18, 1974, issued on November 25, 1975, and expired on July 17, 1990.

30.     The '611 Patent, entitled "Constant-current digital-to-analog converter," was filed on January 25, 1974, issued on June 17, 1975, and expired on June 17, 1992.

31.     The '2,863 Patent, entitled "Digital-to-analog converters," was filed on July 5, 1974, issued on January 13, 1976, and expired on January 13, 1993.

32.     The '473 Patent, entitled "Integrated-circuit digital-to-analog converter," was filed on July 14, 1975, issued on August 31, 1976, and expired on August 31, 1993.

33.     The '486 Patent, entitled "Solid state digital-to-analog converter," was filed on December 22, 1975, issued on April 26, 1977, and expired on April 26, 1994.

34.     The '325 Patent, entitled "Sample-hold amplifier circuit," was filed on September 26, 1989, issued on October 9, 1990, and expired on September 9, 2008.

35.     The '764 Patent, entitled "Signal-controllable attenuator employing a digital-to-analog converter," was filed on December 31, 1981, issued on June 4, 1985, and expired on June 4, 2002.

36.     The '916 Patent, entitled "Single-supply digital-to-analog converter for control function generation," was filed on January 30, 1990, issued on February 5, 1991, and expired on January 30, 2010.

37.    The '456 Patent, entitled "Low leakage CMOS D/A converter," was filed on August 6, 1985, issued on May 20, 1986, and expired on May 20, 2003.

38.    The '532 Patent, entitled "Temperature compensated logarithmic circuit," was filed on January 24, 1985, issued on August 5, 1986, and expired on August 5, 2003.

39.    The '849 Patent, entitled "Monolithic ratiometric temperature measurement circuit," was filed on June 30, 1989, issued on July 9, 1991, and expired on June 30, 2009.

40.    The '303 Patent, entitled "Process for preparing high molecular weight polyesters," was filed on July 26, 1983, issued on May 1, 1984, and expired on July 26, 2003.

41.    The '770 Patent, entitled "Collimator arrangement for a beam of accelerated charged particles," was filed on August 26, 1974, issued on October 25, 1977, and expired on October 25, 1994.

42.    The '740 Patent, entitled "Differential input-differential output transistor switching cell," was filed on January 6, 1976, issued on November 1, 1977, and expired on November 1, 1994.

43.    The '639 Patent, entitled "Digital to analog converter with complementary true current outputs," was filed on January 6, 1976, issued on May 30, 1978, and expired on January 6, 1996.

44.    The '281 Patent, entitled "Analog buffer amplifier," was filed on August 28, 1986, issued on April 19, 1988, and expired on August 28, 2006.

## THE ACCUSED PRODUCTS

45.    The AD537 is a monolithic V-F converter consisting of an input amplifier, a precision oscillator system, an accurate internal reference generator and a high current output stage.

46.    The AD549 is a monolithic electrometer operational amplifier with very low input bias current.

47.    The AD558 DACPORT® is a complete voltage-output 8-bit digital-to-analog converter, including output amplifier, full microprocessor interface and precision voltage reference on a single monolithic chip.

48.     The AD580 is a three-terminal, low cost, temperature compensated, bandgap voltage reference which provides a fixed 2.5 V output for inputs between 4.5 V and 30 V.

49.     The AD584 is an eight-terminal precision voltage reference offering pin-programmable selection of four popular output voltages: 10.000 V, 7.500 V, 5.000 V and 2.500 V.

50.     The AD588 represents a major advance in state-of-the-art monolithic voltage references. Low initial error and low temperature drift give the AD588 absolute accuracy performance previously not available in monolithic form. The AD588 uses a proprietary ion-implanted, buried Zener diode and laser-wafer drift trimming of high stability thin film resistors to provide outstanding performance.

51.     The AD592 is a two terminal monolithic integrated circuit temperature transducer that provides an output current proportional to absolute temperature.

52.     The AD596/AD597 is a monolithic temperature setpoint controller which has been optimized for use at elevated temperatures such as those found in oven control applications.

53.     The AD667 is a complete voltage output 12-bit digital-to-analog converter including a high stability buried Zener voltage reference and double-buffered input latch on a single chip.

54.     The AD574A is a complete 12-bit successive-approximation analog-to-digital converter with 3-state output buffer circuitry for direct interface to an 8- or 16-bit microprocessor bus.

55.     The AD767 is a complete voltage output 12-bit digital-to-analog converter including high stability buried Zener reference and input latch on a single chip.

56.     The AD781 is a high speed monolithic sample-and-hold amplifier (SHA). The AD781 guarantees a maximum acquisition time for 700 ns to 0.01% over temperature.

57.     The AD783 is a high speed, monolithic sample-and-hold amplifier (SHA). The AD783 offers a typical acquisition time of 250 ns to 0.01%.

58.     The LOGDAC ™ AD7112 is a monolithic dual multiplying D/A converter featuring a wide dynamic range and excellent DAC-to-DAC matching.

COMPLAINT FOR FALSE PATENT MARKING

59. The AD7776, AD7777 and AD7778 are a family of high speed, multichannel, 10-bit ADCs primarily intended for use in R/W head positioning servos found in high density hard disk drives.

60. The AD7837/AD7847 is a complete, dual, 12-bit multiplying digital-to-analog converter with output amplifiers on a monolithic CMOS chip.

61. The AD8305 is an inexpensive microminiature logarithmic converter optimized for determining optical power in fiber optic systems.

62. The AD22103 is a monolithic temperature sensor with on-chip signal conditioning.

63. The ADG508F, ADG509F, and ADG528F are CMOS analog multiplexers, with the ADG508F and ADG528F comprising eight single channels and the ADG509F comprising four differential channels.

64. The DAC10 series of 10-bit monolithic multiplying digital-to-analog converters provide high speed performance and full-scale accuracy.

65. The TMP17 is a monolithic integrated circuit temperature transducer that provides an output current proportional to absolute temperature.

66. The SMP04 is a monolithic quad sample-and-hold; it has four internal precision buffer amplifiers and internal hold capacitors.

**FIRST CAUSE OF ACTION**

**FALSE MARKING – U.S. PATENT NO. 3,887,963**

67. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

68. Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD537.

69. Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '963 Patent. By way of example, Defendant marks the data sheet used to advertise AD537 with the '963 Patent, despite the fact that the '963 Patent expired on June 10, 1992.

70.     Defendant is not listed as an assignee of the '963 Patent.  On information and belief, during the life of the '963 Patent, Defendant did not have any ownership interest or right to use the '963 Patent.

71.     Upon information and belief, Defendant has mismarked and continues to mismark its materials related to its AD537 product, including but not limited to the AD537 data sheet, with the '963 Patent.  Upon information and belief, Defendant's mismarking here is a typographical error.  Upon information and belief, Defendant intended to mark its materials related to its AD537 product, including but not limited to the AD537 data sheet, with the '863 Patent.

72.     Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

73.     Defendant knows or reasonably should have known that the '963 Patent has expired.

74.     When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

75.     Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

76.     The data sheet for AD537 is linked to Analog Devices' website at http://www.analog.com/en/analog-to-digital-converters/voltage-to-frequency-converters/ad537/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev C, 04/2000," which, upon information and belief, indicates that the data sheet was last revised in April 2000, approximately eight years after the '963 Patent expired.

77.     Upon information and belief, at least the exemplary advertising shown in paragraph 71 above was used in commerce after the expiration dates of the '963 Patent.

78.     The instance of false marking shown in paragraph 71 above is representative and not exhaustive.

COMPLAINT FOR FALSE PATENT MARKING

1

79.     On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying

2

Defendant that it was improperly marking AD537 with one or more of the Expired Patents. The

3

Mismarking Letter was received April 8, 2010. Defendant has falsely marked AD537 with '963

4

Patent despite the fact that the '963 Patent has expired. On or before April 8, 2010 Defendant had

5

knowledge of the false marking of AD537. To date, Defendant continues to ignore notice of the

6

expired patent and continues to falsely mark its AD537 product with the '963 Patent.

7

80.     As a sophisticated technology company with, experience applying for, obtaining,

8

and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35

9

U.S.C. § 292. Defendant was also informed of the requirements of 35 U.S.C. § 292 by the

10

Mismarking Letter of April 7, 2010.

11

81.     Defendant has and continues to purposefully mark, affix, and/or advertise patent

12

rights that they no longer possess, including but not limited to the expired '963 Patent, in

13

combination with products, including but not limited to AD537, to intentionally deceive the

14

public.

15

82.     Upon information and belief, each offense of false marking caused by Defendant

16

has and continues to deceive the public to the financial benefit of Defendant, and Defendant

17

continues to take advantage of a patent right to which it is no longer entitled.

18

83.     Upon information and belief, each offense of false marking caused by Defendant

19

has and continues to deter competition to the financial benefit of Defendant.

20

84.     Upon information and belief, public deception, and/or competitive harm caused by

21

each of Defendant's false marking has and continues to harm the United States, including

22

Plaintiff, a representative of the public incurring the cost and time associated with this

23

enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts

24

and sciences.

25

**SECOND CAUSE OF ACTION**

26

**FALSE MARKING – U.S. PATENT NO. RE 30,586**

27

85.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

28

herein.

1   86.   Defendant has and continues to make, use, offer for sale, sell, and/or import in the

2   United States certain products, including but not limited to AD537, AD580, and AD584.

3   87.   Defendant has and continues to improperly mark, affix, and/or advertise patent

4   rights that they no longer possess, including the RE '586 Patent.  By way of example, Defendant

5   marks the data sheets used to advertise AD537, AD580, and AD584 with the RE '586 Patent,

6   despite the fact that the RE '586 Patent expired on June 3, 1992.

7   88.   Upon information and belief, Defendant is a sophisticated technology company

8   with a large in-house legal department that has many decades of experience applying for,

9   obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748

10  patents in the United States alone.

11  89.   Defendant knows or reasonably should have known that the RE '586 Patent has

12  expired.

13  90.   When a patent expires, all prospective rights in the patent terminate irrevocably.

14  Therefore, a product marked with an expired patent is falsely marked.

15  91.   Upon information and belief, Defendant's in-house legal department monitors

16  Defendant's patent rights, including marking, labeling, and/or advertising thereto.

17  92.   The data sheet for AD537 is linked to Analog Devices' website at

18  http://www.analog.com/en/analog-to-digital-converters/voltage-to-frequency-converters/

19  ad537/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is

20  attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev C,

21  04/2000," which, upon information and belief, indicates that the data sheet was last revised in

22  April 2000, approximately eight years after the RE '586 Patent expired.

23  93.   The data sheet for AD580 is linked to Analog Devices' website at

24  http://www.analog.com/en/other-products/militaryaerospace/ad580/products/product.html (last

25  visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part

26  of Exhibit C), the data sheet  is described as "Data Sheet Rev B, 08/2004," which, upon

27  information and belief, indicates that the data sheet was last revised in August 2004,

28  approximately fourteen years after the RE '586 Patent expired.

COMPLAINT FOR FALSE PATENT MARKING

94.     The data sheet for AD584 is linked to Analog Devices' website at http://www.analog.com/en/references/voltage-references/ad584/products/product.html (last visited August 10, 2010). At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev B, 07/2001," which, upon information and belief, indicates that the data sheet was last revised in July 2001, approximately eleven years after the RE '586 Patent expired.

95.     Upon information and belief, at least the exemplary advertisings shown in paragraph 87 above were used in commerce after the expiration dates of the RE '586 Patent.

96.     The instance of false marking shown in paragraph 87 above is representative and not exhaustive.

97.     On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD537, AD580, and AD584 with one or more of the Expired Patents. The Mismarking Letter was received April 8, 2010. Defendant has falsely marked AD537, AD580, and AD584 with RE '586 Patent despite the fact that the RE '586 Patent has expired. On or before April 8, 2010 Defendant had knowledge of the false marking of AD537, AD580, and AD584. To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD537, AD580, and AD584 products with the RE '586 Patent.

98.     As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292. Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

99.     Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired RE '586 Patent, in combination with products, including but not limited to AD537, AD580, and AD584, to intentionally deceive the public.

100.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

1    101.   Upon information and belief, each offense of false marking caused by Defendant

2 has and continues to deter competition to the financial benefit of Defendant.

3    102.   Upon information and belief, public deception, and/or competitive harm caused by

4 each of Defendant's false marking has and continues to harm the United States, including

5 Plaintiff, a representative of the public incurring the cost and time associated with this

6 enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts

7 and sciences.

8                           **THIRD CAUSE OF ACTION**

9                  **FALSE MARKING – U.S. PATENT NO. 4,639,683**

10    103.   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

11 herein.

12    104.   Defendant has and continues to make, use, offer for sale, sell, and/or import in the

13 United States certain products, including but not limited to AD549.

14    105.   Defendant has and continues to improperly mark, affix, and/or advertise patent

15 rights that they no longer possess, including the '683 Patent.  By way of example, Defendant

16 marks the data sheet used to advertise AD549 with the '683 Patent, despite the fact that the '683

17 Patent expired on February 7, 2006.

18    106.   Upon information and belief, Defendant is a sophisticated technology company

19 with a large in-house legal department that has many decades of experience applying for,

20 obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748

21 patents in the United States alone.

22    107.   Defendant knows or reasonably should have known that the '683 Patent has

23 expired.

24    108.   When a patent expires, all prospective rights in the patent terminate irrevocably.

25 Therefore, a product marked with an expired patent is falsely marked.

26    109.   Upon information and belief, Defendant's in-house legal department monitors

27 Defendant's patent rights, including marking, labeling, and/or advertising thereto.

28

Case No.                                    Page 13

**COMPLAINT FOR FALSE PATENT MARKING**

1          110.    The data sheet for AD549 is linked to Analog Devices' website at

2    http://www.analog.com/en/amplifiers-and-comparators/operational-amplifiers-op-amps/ad549

3    /products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is

4    attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev H,

5    03/2008," which, upon information and belief, indicates that the data sheet was last revised in

6    March 2008, approximately two years after the '683 Patent expired.

7          111.    Upon information and belief, at least the exemplary advertising shown in

8    paragraph 105 above was used in commerce after the expiration dates of the '683 Patent.

9          112.    The instance of false marking shown in paragraph 105 above is representative and

10    not exhaustive.

11          113.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying

12    Defendant that it was improperly marking AD549 with one or more of the Expired Patents.  The

13    Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD549 with '683

14    Patent despite the fact that the '683 Patent has expired.  On or before April 8, 2010 Defendant had

15    knowledge of the false marking of AD549.  To date, Defendant continues to ignore notice of the

16    expired patent and continues to falsely mark its AD549 product with the '683 Patent.

17          114.    As a sophisticated technology company with, experience applying for, obtaining,

18    and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35

19    U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the

20    Mismarking Letter of April 7, 2010.

21          115.    Defendant has and continues to purposefully mark, affix, and/or advertise patent

22    rights that they no longer possess, including but not limited to the expired '683 Patent, in

23    combination with products, including but not limited to AD549, to intentionally deceive the

24    public.

25          116.    Upon information and belief, each offense of false marking caused by Defendant

26    has and continues to deceive the public to the financial benefit of Defendant, and Defendant

27    continues to take advantage of a patent right to which it is no longer entitled.

28

Case No.                                    Page 14

**COMPLAINT FOR FALSE PATENT MARKING**

117.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

118.    Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

**FOURTH CAUSE OF ACTION**

**FALSE MARKING – U.S. PATENT NO. 3,887,863**

119.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

120.    Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD537, AD558, AD580, and AD584.

121.    Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '863 Patent.  By way of example, Defendant marks the data sheets used to advertise AD537, AD558, AD580, and AD584 with the '863 Patent, despite the fact that the '863 Patent expired on June 3, 1992.

122.    Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

123.    Defendant knows or reasonably should have known that the '863 Patent has expired.

124.    When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

125.    Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

126.    The data sheet for AD537 is linked to Analog Devices' website at

http://www.analog.com/en/analog-to-digital-converters/voltage-to-frequency-converters/ad537/

products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is

attached to this Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev C,

04/2000," which, upon information and belief, indicates that the data sheet was last revised in

April 2000, approximately eight years after the '863 Patent expired.  The data sheet for AD537

lists the '963 Patent, on which Defendant is not listed as an assignee, and which, upon

information and belief, Defendant did not have an ownership interest in or right to use during the

life of the '963 Patent.   Upon information and belief, Defendant's mismarking here is a

typographical error.  Upon information and belief, Defendant intended to mark its materials

related to its AD537 product, including but not limited to the AD537 data sheet, with the '863

Patent.

127.    The data sheet for AD558 is linked to Analog Devices' website at

http://www.analog.com/en/digital-to-analog-converters/da-converters/ad558/products/

product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this

Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 08/1997,"

which, upon information and belief, indicates that the data sheet was last revised in August 1997,

approximately five years after the '863 Patent expired.

128.    The data sheet for AD580 is linked to Analog Devices' website at

http://www.analog.com/en/other-products/militaryaerospace/ad580/products/product.html (last

visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part

of Exhibit C), the data sheet  is described as "Data Sheet Rev H, 08/2004," which, upon

information and belief, indicates that the data sheet was last revised in August 2004,

approximately twelve years after the '863 Patent expired.

129.    The data sheet for AD584 is linked to Analog Devices' website at

http://www.analog.com/en/references/voltage-references/ad584/products/product.html (last

visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part

of Exhibit C), the data sheet  is described as "Data Sheet Rev H, 07/2001," which, upon

1   information and belief, indicates that the data sheet was last revised in July 2001, approximately

2   nine years after the '863 Patent expired.

3        130.    Upon information and belief, at least the exemplary advertisings shown in

4   paragraph 121 above were used in commerce after the expiration dates of the '863 Patent.

5        131.    The instances of false marking shown in paragraph 121 above are representative

6   and not exhaustive.

7        132.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying

8   Defendant that it was improperly marking AD537, AD558, AD580, and AD584 with one or more

9   of the Expired Patents. The Mismarking Letter was received April 8, 2010. Defendant has

10  falsely marked AD558, AD580, and AD584 with '863 Patent despite the fact that the '863 Patent

11  has expired. On or before April 8, 2010 Defendant had knowledge of the false marking of

12  AD558, AD580, and AD584. To date, Defendant continues to ignore notice of the expired patent

13  and continues to falsely mark its AD558, AD580, and AD584 product with the '863 Patent.

14       133.    As a sophisticated technology company with, experience applying for, obtaining,

15  and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35

16  U.S.C. § 292. Defendant was also informed of the requirements of 35 U.S.C. § 292 by the

17  Mismarking Letter of April 7, 2010.

18       134.    Defendant has and continues to purposefully mark, affix, and/or advertise patent

19  rights that they no longer possess, including but not limited to the expired '863 Patent, in

20  combination with products, including but not limited to AD558, AD580, and AD584, to

21  intentionally deceive the public.

22       135.    Upon information and belief, each offense of false marking caused by Defendant

23  has and continues to deceive the public to the financial benefit of Defendant, and Defendant

24  continues to take advantage of a patent right to which it is no longer entitled.

25       136.    Upon information and belief, each offense of false marking caused by Defendant

26  has and continues to deter competition to the financial benefit of Defendant.

27       137.    Upon information and belief, public deception, and/or competitive harm caused by

28  each of Defendant's false marking has and continues to harm the United States, including

Case No.                                    Page 17

1   Plaintiff, a representative of the public incurring the cost and time associated with this

2   enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts

3   and sciences.

### FIFTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 3,685,045

6        138.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

7   herein.

8        139.    Defendant has and continues to make, use, offer for sale, sell, and/or import in the

9   United States certain products, including but not limited to AD558.

10        140.    Defendant has and continues to improperly mark, affix, and/or advertise patent

11   rights that they no longer possess, including the '045 Patent. By way of example, Defendant

12   marks the data sheet used to advertise AD558 with the '045 Patent, despite the fact that the '045

13   Patent expired on August 15, 1989.

14        141.    Upon information and belief, Defendant is a sophisticated technology company

15   with a large in-house legal department that has many decades of experience applying for,

16   obtaining, licensing, and litigating patents. Since 1976, Defendant has been assigned 1748

17   patents in the United States alone.

18        142.    Defendant knows or reasonably should have known that the '045 Patent has

19   expired.

20        143.    When a patent expires, all prospective rights in the patent terminate irrevocably.

21   Therefore, a product marked with an expired patent is falsely marked.

22        144.    Upon information and belief, Defendant's in-house legal department monitors

23   Defendant's patent rights, including marking, labeling, and/or advertising thereto.

24        145.    The data sheet for AD558 is linked to Analog Devices' website at

25   http://www.analog.com/en/digital-to-analog-converters/da-converters/ad558/products/

26   product.html (last visited August 10, 2010). At that web-page (a copy of which is attached to this

27   Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 08/1987,"

28

Case No.               Page 18

which, upon information and belief, indicates that the data sheet was last revised in August 1987, approximately two years before the '045 Patent expired.

146.    Upon information and belief, at least the exemplary advertising shown in paragraph 140 above was used in commerce after the expiration date of the '045 Patent.

147.    The instance of false marking shown in paragraph 140 above is representative and not exhaustive.

148.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD558 with one or more of the Expired Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD558 with '045 Patent despite the fact that the '045 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of AD558.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD558 product with the '045 Patent.

149.    As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

150.    Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '045 Patent, in combination with products, including but not limited to AD558, to intentionally deceive the public.

151.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

152.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

153.    Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this

enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

**SIXTH CAUSE OF ACTION**

**FALSE MARKING – U.S. PATENT NO. 4,323,795**

154.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

155.    Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD558.

156.    Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '795 Patent.  By way of example, Defendant marks the data sheet used to advertise AD558 with the '795 Patent, despite the fact that the '795 Patent expired on February 12, 2000.

157.    Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

158.    Defendant knows or reasonably should have known that the '795 Patent has expired.

159.    When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

160.    Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

161.    The data sheet for AD558 is linked to Analog Devices' website at http://www.analog.com/en/digital-to-analog-converters/da-converters/ad558/products/ product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev C, 08/1987," which, upon information and belief, indicates that the data sheet was last revised in August 1987, approximately thirteen years before the '795 Patent expired.

162.    Upon information and belief, at least the exemplary advertising shown in paragraph 156 above was used in commerce after the expiration date of the '795 Patent.

163.    The instance of false marking shown in paragraph 156 above is representative and not exhaustive.

164.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD558 with one or more of the Expired Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD558 with '795 Patent despite the fact that the '795 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of AD558.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD558 product with the '795 Patent.

165.    As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

166.    Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '795 Patent, in combination with products, including but not limited to AD558, to intentionally deceive the public.

167.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

168.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

169.    Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

Case No.                                   Page 21

**COMPLAINT FOR FALSE PATENT MARKING**

### SEVENTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 4,644,253

170.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

171.    Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD588.

172.    Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '253 Patent. By way of example, Defendant marks the data sheet used to advertise AD588 with the '253 Patent, despite the fact that the '253 Patent expired on February 13, 2003.

173.    Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents. Since 1976, Defendant has been assigned 1748 patents in the United States alone.

174.    Defendant knows or reasonably should have known that the '253 Patent has expired.

175.    When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

176.    Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

177.    The data sheet for AD588 is linked to Analog Devices' website at http://www.analog.com/en/references/voltage-references/ad588/products/product.html (last visited August 10, 2010). At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev C, 04/2010," which, upon information and belief, indicates that the data sheet was last revised in April 2010, approximately seven years after the '253 Patent expired.

178.    Upon information and belief, at least the exemplary advertising shown in paragraph 172 above was used in commerce after the expiration date of the '253 Patent.

179.    The instance of false marking shown in paragraph 172 above is representative and not exhaustive.

180.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD588 with one or more of the Expired Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD588 with '253 Patent despite the fact that the '253 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of AD588.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD588 product with the '253 Patent.

181.    As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

182.    Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '253 Patent, in combination with products, including but not limited to AD588, to intentionally deceive the public.

183.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

184.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

185.    Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

**EIGHTH CAUSE OF ACTION**

**FALSE MARKING – U.S. PATENT NO. 4,123,698**

186.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

187.     Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD592.

188.     Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '698 Patent.  By way of example, Defendant marks the data sheet used to advertise AD592 with the '698 Patent, despite the fact that the '698 Patent expired on July 6, 1996.

189.     Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

190.     Defendant knows or reasonably should have known that the '698 Patent has expired.

191.     When a patent expires, all prospective rights in the patent terminate irrevocably.  Therefore, a product marked with an expired patent is falsely marked.

192.     Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

193.     The data sheet for AD592 is linked to Analog Devices' website at http://www.analog.com/en/sensors/analog-temperature-sensors/ad592/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 07/1993," which, upon information and belief, indicates that the data sheet was last revised in July 1993, approximately three years before the '698 Patent expired.

194.     Upon information and belief, at least the exemplary advertising shown in paragraph 188 above was used in commerce after the expiration date of the '698 Patent.

Case No.                                        Page 24

COMPLAINT FOR FALSE PATENT MARKING

195. The instance of false marking shown in paragraph 188 above is representative and not exhaustive.

196. On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD592 with one or more of the Expired Patents. The Mismarking Letter was received April 8, 2010. Defendant has falsely marked AD592 with '698 Patent despite the fact that the '698 Patent has expired. On or before April 8, 2010 Defendant had knowledge of the false marking of AD592. To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD592 product with the '698 Patent.

197. As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292. Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

198. Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '698 Patent, in combination with products, including but not limited to AD592, to intentionally deceive the public.

199. Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

200. Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

201. Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

### NINTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 4,029,974

202.   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

203.   Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD596 and AD597.

204.   Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '974 Patent.  By way of example, Defendant marks the data sheet used to advertise AD596 and AD597 with the '974 Patent, despite the fact that the '974 Patent expired on June 14, 1994.

205.   Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

206.   Defendant knows or reasonably should have known that the '974 Patent has expired.

207.   When a patent expires, all prospective rights in the patent terminate irrevocably.  Therefore, a product marked with an expired patent is falsely marked.

208.   Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

209.   The data sheet for AD596 is linked to Analog Devices' website at http://www.analog.com/en/sensors/analog-temperature-sensors/ad596/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 02/1998," which, upon information and belief, indicates that the data sheet was last revised in February 1998, approximately four years after the '974 Patent expired.

210.   The data sheet for AD597 is linked to Analog Devices' website at http://www.analog.com/en/sensors/analog-temperature-sensors/ad597/products/product.html (last

visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 02/1998," which, upon information and belief, indicates that the data sheet was last revised in February 1998, approximately four years after the '974 Patent expired.

211.   Upon information and belief, at least the exemplary advertising shown in paragraph 204 above was used in commerce after the expiration date of the '974 Patent.

212.   The instance of false marking shown in paragraph 204 above is representative and not exhaustive.

213.   On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD596 and AD597 with one or more of the Expired Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD596 and AD597 with '974 Patent despite the fact that the '974 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of AD596 and AD597.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD596 and AD597 product with the '974 Patent.

214.   As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

215.   Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '974 Patent, in combination with products, including but not limited to AD596 and AD597, to intentionally deceive the public.

216.   Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

217.   Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

**COMPLAINT FOR FALSE PATENT MARKING**

218.     Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

## TENTH CAUSE OF ACTION

## FALSE MARKING – U.S. PATENT NO. 3,803,590

219.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

220.     Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD574A, AD667, and AD767.

221.     Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '590 Patent.  By way of example, Defendant marks the data sheets used to advertise AD574A, AD667, and AD767 with the '590 Patent, despite the fact that the '590 Patent expired on April 9, 1991.

222.     Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

223.     Defendant knows or reasonably should have known that the '590 Patent has expired.

224.     When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

225.     Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

226.     The data sheet for AD574A is linked to Analog Devices' website at http://www.analog.com/en/other-products/militaryaerospace/ad574a/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part

of Exhibit C), the data sheet is described as "Data Sheet Rev A, 01/1999," which, upon information and belief, indicates that the data sheet was last revised in January 1999, approximately eight years after the '590 Patent expired.

227.    The data sheet for AD667 is linked to Analog Devices' website at http://www.analog.com/en/digital-to-analog-converters/da-converters/ad667/products/ product.html (last visited August 10, 2010). At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev A, 08/1987," which, upon information and belief, indicates that the data sheet was last revised in August 1987, approximately four years before the '590 Patent expired.

228.    The data sheet for AD767 is linked to Analog Devices' website at http://www.analog.com/en/other-products/militaryaerospace/ad767/products/product.html (last visited August 10, 2010). At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev A, 04/1988," which, upon information and belief, indicates that the data sheet was last revised in April 1988, approximately three years before the '590 Patent expired.

229.    Upon information and belief, at least the exemplary advertisings shown in paragraph 221 above were used in commerce after the expiration date of the '590 Patent.

230.    The instance of false marking shown in paragraph 221 above is representative and not exhaustive.

231.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD574A, AD667, and AD767 with one or more of the Expired Patents. The Mismarking Letter was received April 8, 2010. Defendant has falsely marked AD574A, AD667, and AD767 with '590 Patent despite the fact that the '590 Patent has expired. On or before April 8, 2010 Defendant had knowledge of the false marking of AD574A, AD667, and AD767. To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD574A, AD667, and AD767 product with the '590 Patent.

232.    As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35

Case No.                                    Page 29

**COMPLAINT FOR FALSE PATENT MARKING**

U.S.C. § 292. Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

233.     Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '590 Patent, in combination with products, including but not limited to AD574A, AD667, and AD767, to intentionally deceive the public.

234.     Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

235.     Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

236.     Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

## ELEVENTH CAUSE OF ACTION

## FALSE MARKING – U.S. PATENT NO. 4,213,806

237.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

238.     Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD574A.

239.     Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '806 Patent. By way of example, Defendant marks the data sheet used to advertise AD574A with the '806 Patent, despite the fact that the '806 Patent expired on July 22, 1997.

240.     Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for,

obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

241.   Defendant knows or reasonably should have known that the '806 Patent has expired.

242.   When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

243.   Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

244.   The data sheet for AD574A is linked to Analog Devices' website at http://www.analog.com/en/other-products/militaryaerospace/ad574a/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 01/1999," which, upon information and belief, indicates that the data sheet was last revised in January 1999, approximately two years after the '806 Patent expired.

245.   Upon information and belief, at least the exemplary advertising shown in paragraph 239 above was used in commerce after the expiration date of the '806 Patent.

246.   The instance of false marking shown in paragraph 239 above is representative and not exhaustive.

247.   On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD574A with one or more of the Expired Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD574A with '806 Patent despite the fact that the '806 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of AD574A.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD574A product with the '806 Patent.

248.   As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

COMPLAINT FOR FALSE PATENT MARKING

249. Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '590 Patent, in combination with products, including but not limited to AD574A, to intentionally deceive the public.

250. Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

251. Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

252. Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

## TWELFTH CAUSE OF ACTION

## FALSE MARKING – U.S. PATENT NO. 4,511,413

253. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

254. Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD574A.

255. Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '413 Patent. By way of example, Defendant marks the data sheet used to advertise AD574A with the '413 Patent, despite the fact that the '413 Patent expired on October 5, 2003.

256. Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents. Since 1976, Defendant has been assigned 1748 patents in the United States alone.

1    257.   Defendant knows or reasonably should have known that the '413 Patent has

2    expired.

3    258.   When a patent expires, all prospective rights in the patent terminate irrevocably.

4    Therefore, a product marked with an expired patent is falsely marked.

5    259.   Upon information and belief, Defendant's in-house legal department monitors

6    Defendant's patent rights, including marking, labeling, and/or advertising thereto.

7    260.   The data sheet for AD574A is linked to Analog Devices' website at

8    http://www.analog.com/en/other-products/militaryaerospace/ad574a/products/product.html (last

9    visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part

10   of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 01/1999," which, upon

11   information and belief, indicates that the data sheet was last revised in January 1999,

12   approximately four years before the '413 Patent expired.

13   261.   Upon information and belief, at least the exemplary advertising shown in

14   paragraph 255 above was used in commerce after the expiration date of the '590 Patent.

15   262.   The instance of false marking shown in paragraph 255 above is representative and

16   not exhaustive.

17   263.   On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying

18   Defendant that it was improperly marking AD574A with one or more of the Expired Patents.  The

19   Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD574A with '413

20   Patent despite the fact that the '413 Patent has expired.  On or before April 8, 2010 Defendant had

21   knowledge of the false marking of AD574A.  To date, Defendant continues to ignore notice of the

22   expired patent and continues to falsely mark its AD574A product with the '590 Patent.

23   264.   As a sophisticated technology company with, experience applying for, obtaining,

24   and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35

25   U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the

26   Mismarking Letter of April 7, 2010.

27   265.   Defendant has and continues to purposefully mark, affix, and/or advertise patent

28   rights that they no longer possess, including but not limited to the expired '413 Patent, in

Case No.                                    Page 33

**COMPLAINT FOR FALSE PATENT MARKING**

1  combination with products, including but not limited to AD574A, to intentionally deceive the

2  public.

3       266.    Upon information and belief, each offense of false marking caused by Defendant

4  has and continues to deceive the public to the financial benefit of Defendant, and Defendant

5  continues to take advantage of a patent right to which it is no longer entitled.

6       267.    Upon information and belief, each offense of false marking caused by Defendant

7  has and continues to deter competition to the financial benefit of Defendant.

8       268.    Upon information and belief, public deception, and/or competitive harm caused by

9  each of Defendant's false marking has and continues to harm the United States, including

10  Plaintiff, a representative of the public incurring the cost and time associated with this

11  enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts

12  and sciences.

### THIRTEENTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. RE 28,633

15       269.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

16  herein.

17       270.    Defendant has and continues to make, use, offer for sale, sell, and/or import in the

18  United States certain products, including but not limited to AD574A.

19       271.    Defendant has and continues to improperly mark, affix, and/or advertise patent

20  rights that they no longer possess, including the RE '633 Patent.  By way of example, Defendant

21  marks the data sheet used to advertise AD574A with the RE '633 Patent, despite the fact that the

22  RE '633 Patent expired on July 17, 1990.

23       272.    Upon information and belief, Defendant is a sophisticated technology company

24  with a large in-house legal department that has many decades of experience applying for,

25  obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748

26  patents in the United States alone.

27       273.    Defendant knows or reasonably should have known that the RE '633 Patent has

28  expired.

274.   When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

275.   Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

276.   The data sheet for AD574A is linked to Analog Devices' website at http://www.analog.com/en/other-products/militaryaerospace/ad574a/products/product.html (last visited August 10, 2010).   At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 01/1999," which, upon information and belief, indicates that the data sheet was last revised in January 1999, approximately nine years after the RE '633 Patent expired.

277.   Upon information and belief, at least the exemplary advertising shown in paragraph 271 above was used in commerce after the expiration date of the '633 Patent.

278.   The instance of false marking shown in paragraph 271 above is representative and not exhaustive.

279.   On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD574A with one or more of the Expired Patents.   The Mismarking Letter was received April 8, 2010.   Defendant has falsely marked AD574A with RE '633 Patent despite the fact that the RE '633 Patent has expired.   On or before April 8, 2010 Defendant had knowledge of the false marking of AD574A.   To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD574A product with the RE '633 Patent.

280.   As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.   Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

281.   Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired RE '633 Patent, in

1  combination with products, including but not limited to AD574A, to intentionally deceive the
2  public.

3        282.    Upon information and belief, each offense of false marking caused by Defendant
4  has and continues to deceive the public to the financial benefit of Defendant, and Defendant
5  continues to take advantage of a patent right to which it is no longer entitled.

6        283.    Upon information and belief, each offense of false marking caused by Defendant
7  has and continues to deter competition to the financial benefit of Defendant.

8        284.    Upon information and belief, public deception, and/or competitive harm caused by
9  each of Defendant's false marking has and continues to harm the United States, including
10  Plaintiff, a representative of the public incurring the cost and time associated with this
11  enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts
12  and sciences.

### FOURTEENTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 3,890,611

15        285.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth
16  herein.

17        286.    Defendant has and continues to make, use, offer for sale, sell, and/or import in the
18  United States certain products, including but not limited to AD667 and AD7767].

19        287.    Defendant has and continues to improperly mark, affix, and/or advertise patent
20  rights that they no longer possess, including the '611 Patent. By way of example, Defendant
21  marks the data sheets used to advertise AD667 and AD781 with the '611 Patent, despite the fact
22  that '611 Patent expired on June 17, 1992.

23        288.    Upon information and belief, Defendant is a sophisticated technology company
24  with a large in-house legal department that has many decades of experience applying for,
25  obtaining, licensing, and litigating patents. Since 1976, Defendant has been assigned 1748
26  patents in the United States alone.

27        289.    Defendant knows or reasonably should have known that the '611 Patent has
28  expired.

290.    When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

291.    Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

292.    The data sheet for AD667 is linked to Analog Devices' website at http://www.analog.com/en/digital-to-analog-converters/da-converters/ad667/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 08/1987," which, upon information and belief, indicates that the data sheet was last revised in August 1987, approximately five years before the '611 Patent expired.

293.    The data sheet for AD767 is linked to Analog Devices' website at http://www.analog.com/en/other-products/militaryaerospace/ad767/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 04/1988," which, upon information and belief, indicates that the data sheet was last revised in April 1988, approximately four years before the '611 Patent expired.

294.    Upon information and belief, at least the exemplary advertisings shown in paragraph 287 above were used in commerce after the expiration date of the '611 Patent.

295.    The instance of false marking shown in paragraph 287 above is representative and not exhaustive.

296.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD667 and AD767 with one or more of the Expired Patents. The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD667 and AD767 with '611 Patent despite the fact that the '611 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of AD667 and AD767.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD667 and AD767 product with the '611 Patent.

297.     As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292. Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

298.     Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '611 Patent, in combination with products, including but not limited to AD667 and AD767, to intentionally deceive the public.

299.     Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

300.     Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

301.     Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

## FIFTEENTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 3,932,863

302.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

303.     Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD667 and AD767.

304.     Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '2,863 Patent. By way of example, Defendant marks the data sheet used to advertise AD667 and AD767 with the '2,863 Patent, despite the fact that the '2,863 Patent expired on January 13, 1993.

305.    Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

306.    Defendant knows or reasonably should have known that the '2,863 Patent has expired.

307.    When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

308.    Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

309.    The data sheet for AD667 is linked to Analog Devices' website at http://www.analog.com/en/digital-to-analog-converters/da-converters/ad667/products/ product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 08/1987," which, upon information and belief, indicates that the data sheet was last revised in August 1987, approximately six years before the '2,863 Patent expired.

310.    The data sheet for AD767 is linked to Analog Devices' website at http://www.analog.com/en/other-products/militaryaerospace/ad767/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 04/1988," which, upon information and belief, indicates that the data sheet was last revised in April 1988, approximately five years before the '2,863 Patent expired.

311.    Upon information and belief, at least the exemplary advertisings shown in paragraph 304 above were used in commerce after the expiration date of the '2,863 Patent.

312.    The instance of false marking shown in paragraph 304 above is representative and not exhaustive.

313.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD667 and AD767 with one or more of the Expired

COMPLAINT FOR FALSE PATENT MARKING

Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD667 and AD767 with '2,863 Patent despite the fact that the '2,863 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of AD667 and AD767.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD667 and AD767 product with the '2,863 Patent.

314.   As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

315.   Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '2,863 Patent, in combination with products, including but not limited to AD667 and AD767, to intentionally deceive the public.

316.   Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

317.   Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

318.   Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

## SIXTEENTH CAUSE OF ACTION

## FALSE MARKING – U.S. PATENT NO. 3,978,473

319.   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

320. Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD667 and AD767.

321. Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '473 Patent. By way of example, Defendant marks the data sheet used to advertise AD667 and AD767 with the '473 Patent, despite the fact that the '473 Patent expired on August 31, 1993.

322. Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents. Since 1976, Defendant has been assigned 1748 patents in the United States alone.

323. Defendant knows or reasonably should have known that the '473 Patent has expired.

324. When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

325. Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

326. The data sheet for AD667 is linked to Analog Devices' website at http://www.analog.com/en/digital-to-analog-converters/da-converters/ad667/products/product.html (last visited August 10, 2010). At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev A, 08/1987," which, upon information and belief, indicates that the data sheet was last revised in August 1987, approximately six years before the '473 Patent expired.

327. The data sheet for AD767 is linked to Analog Devices' website at http://www.analog.com/en/other-products/militaryaerospace/ad767/products/product.html (last visited August 10, 2010). At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev A, 04/1988," which, upon information and belief, indicates that the data sheet was last revised in April 1988, approximately five years before the '473 Patent expired.

1    328.   Upon information and belief, at least the exemplary advertisings shown in

2    paragraph 321 above were used in commerce after the expiration date of the '473 Patent.

3    329.   The instance of false marking shown in paragraph 321 above is representative and

4    not exhaustive.

5    330.   On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying

6    Defendant that it was improperly marking AD667 and AD767 with one or more of the Expired

7    Patents. The Mismarking Letter was received April 8, 2010. Defendant has falsely marked

8    AD667 and AD767 with '473 Patent despite the fact that the '473 Patent has expired. On or

9    before April 8, 2010 Defendant had knowledge of the false marking of AD667 and AD767. To

10   date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its

11   AD667 and AD767 product with the '473 Patent.

12   331.   As a sophisticated technology company with, experience applying for, obtaining,

13   and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35

14   U.S.C. § 292. Defendant was also informed of the requirements of 35 U.S.C. § 292 by the

15   Mismarking Letter of April 7, 2010.

16   332.   Defendant has and continues to purposefully mark, affix, and/or advertise patent

17   rights that they no longer possess, including but not limited to the expired '473 Patent, in

18   combination with products, including but not limited to AD667 and AD767, to intentionally

19   deceive the public.

20   333.   Upon information and belief, each offense of false marking caused by Defendant

21   has and continues to deceive the public to the financial benefit of Defendant, and Defendant

22   continues to take advantage of a patent right to which it is no longer entitled.

23   334.   Upon information and belief, each offense of false marking caused by Defendant

24   has and continues to deter competition to the financial benefit of Defendant.

25   335.   Upon information and belief, public deception, and/or competitive harm caused by

26   each of Defendant's false marking has and continues to harm the United States, including

27   Plaintiff, a representative of the public incurring the cost and time associated with this

28

Case No.                                    Page 42

COMPLAINT FOR FALSE PATENT MARKING

1    enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts

2    and sciences.

### SEVENTEENTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 4,020,486

5        336.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

6    herein.

7        337.    Defendant has and continues to make, use, offer for sale, sell, and/or import in the

8    United States certain products, including but not limited to AD667 and AD767.

9        338.    Defendant has and continues to improperly mark, affix, and/or advertise patent

10    rights that they no longer possess, including the '486 Patent. By way of example, Defendant

11    marks the data sheet used to advertise AD667 and AD767 with the '486 Patent, despite the fact

12    that the '486 Patent expired on April 26, 1994.

13        339.    Upon information and belief, Defendant is a sophisticated technology company

14    with a large in-house legal department that has many decades of experience applying for,

15    obtaining, licensing, and litigating patents. Since 1976, Defendant has been assigned 1748

16    patents in the United States alone.

17        340.    Defendant knows or reasonably should have known that the '486 Patent has

18    expired.

19        341.    When a patent expires, all prospective rights in the patent terminate irrevocably.

20    Therefore, a product marked with an expired patent is falsely marked.

21        342.    Upon information and belief, Defendant's in-house legal department monitors

22    Defendant's patent rights, including marking, labeling, and/or advertising thereto.

23        343.    The data sheet for AD667 is linked to Analog Devices' website at

24    http://www.analog.com/en/digital-to-analog-converters/da-converters/ad667/products/

25    product.html (last visited August 10, 2010). At that web-page (a copy of which is attached to this

26    Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev A, 08/1987,"

27    which, upon information and belief, indicates that the data sheet was last revised in August 1987,

28    approximately seven after before the '486 Patent expired.

344.   The data sheet for AD767 is linked to Analog Devices' website at http://www.analog.com/en/other-products/militaryaerospace/ad767/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 04/1988," which, upon information and belief, indicates that the data sheet was last revised in April 1988, approximately six years before the '486 Patent expired.

345.   Upon information and belief, at least the exemplary advertisings shown in paragraph 338 above were used in commerce after the expiration date of the '486 Patent.

346.   The instance of false marking shown in paragraph 338 above is representative and not exhaustive.

347.   On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD667 and AD767 with one or more of the Expired Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD667 and AD767 with '486 Patent despite the fact that the '486 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of AD667 and AD767.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD667 and AD767 product with the '486 Patent.

348.   As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

349.   Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '486 Patent, in combination with products, including but not limited to AD667 and AD767, to intentionally deceive the public.

350.   Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

351. Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

352. Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

## EIGHTEENTH CAUSE OF ACTION

## FALSE MARKING – U.S. PATENT NO. 4,962,325

353. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

354. Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD781 and AD783.

355. Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '325 Patent. By way of example, Defendant marks the data sheets used to advertise AD781 and AD783 with the '325 Patent, despite the fact that the '325 Patent expired on September 9, 2008.

356. Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents. Since 1976, Defendant has been assigned 1748 patents in the United States alone.

357. Defendant knows or reasonably should have known that the '325 Patent has expired.

358. When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

359. Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

360.    The data sheet for AD781 is linked to Analog Devices' website at

http://www.analog.com/en/other-products/militaryaerospace/ad781/products/product.html (last

visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part

of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 02/1991," which, upon

information and belief, indicates that the data sheet was last revised in February 1991,

approximately seventeen years before the '325 Patent expired.

361.    The data sheet for AD783 is linked to Analog Devices' website at

http://www.analog.com/en/other-products/sampletrack-and-hold-amplifiers/ad783/products

/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to

this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 10/1992,"

which, upon information and belief, indicates that the data sheet was last revised in October 1992,

approximately fifteen years before the '325 Patent expired.

362.    Upon information and belief, at least the exemplary advertisings shown in

paragraph 355 above were used in commerce after the expiration date of the '325 Patent.

363.    The instance of false marking shown in paragraph 355 above is representative and

not exhaustive.

364.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying

Defendant that it was improperly marking AD781 and AD783 with one or more of the Expired

Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked

AD781 and AD783 with '325 Patent despite the fact that the '325 Patent has expired.  On or

before April 8, 2010 Defendant had knowledge of the false marking of AD781 and AD783.  To

date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its

AD781 and AD783 product with the '325 Patent.

365.    As a sophisticated technology company with, experience applying for, obtaining,

and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35

U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the

Mismarking Letter of April 7, 2010.

366.    Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '325 Patent, in combination with products, including but not limited to AD781 and AD783, to intentionally deceive the public.

367.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

368.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

369.    Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

**NINETEENTH CAUSE OF ACTION**

**FALSE MARKING – U.S. PATENT NO. 4,521,764**

370.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

371.    Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD7112.

372.    Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '764 Patent.  By way of example, Defendant marks the data sheet used to advertise AD7112 with the '764 Patent, despite the fact that the '764 Patent expired on June 4, 2002.

373.    Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

Case No.                                    Page 47

**COMPLAINT FOR FALSE PATENT MARKING**

374.   Defendant knows or reasonably should have known that the '764 Patent has expired.

375.   When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

376.   Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

377.   The data sheet for AD7112 is linked to Analog Devices' website at http://www.analog.com/en/digital-to-analog-converters/da-converters/ad7112/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev 0, 07/1992," which, upon information and belief, indicates that the data sheet was last revised in July 1992, approximately ten years before the '764 Patent expired.

378.   Upon information and belief, at least the exemplary advertising shown in paragraph 372 above was used in commerce after the expiration date of the '764 Patent.

379.   The instance of false marking shown in paragraph 372 above is representative and not exhaustive.

380.   On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD7112 with one or more of the Expired Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD7112 with '764 Patent despite the fact that the '764 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of AD7112.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD7112 product with the '764 Patent.

381.   As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

382.   Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '764 Patent, in

combination with products, including but not limited to AD7112, to intentionally deceive the public.

383. Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

384. Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

385. Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

## TWENTIETH CAUSE OF ACTION

## FALSE MARKING – U.S. PATENT NO. 4,990,916

386. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

387. Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD7776, AD7777, and AD7778.

388. Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '916 Patent. By way of example, Defendant marks the data sheet used to advertise AD7776, AD7777, and AD7778 with the '916 Patent, despite the fact that the '916 Patent expired on January 30, 2010.

389. Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents. Since 1976, Defendant has been assigned 1748 patents in the United States alone.

390. Defendant knows or reasonably should have known that the '916 Patent has expired.

1

2

391.    When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

3

4

392.    Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

5

6

7

8

9

10

393.    The data sheet for AD7776, AD7777, and AD7778 is linked to Analog Devices' website at http://www.analog.com/en/analog-to-digital-converters/ad-converters/ad7776/ products /product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev A, 10/1002," which, upon information and belief, indicates that the data sheet was last revised in October 2002, approximately eight years before the '916 Patent expired.

11

12

394.    Upon information and belief, at least the exemplary advertising shown in paragraph 388 above was used in commerce after the expiration date of the '916 Patent.

13

14

395.    The instance of false marking shown in paragraph 388 above is representative and not exhaustive.

15

16

17

18

19

20

21

396.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD7776, AD7777, and AD7778 with one or more of the Expired Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD7776, AD7777, and AD7778 with '916 Patent despite the fact that the '916 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of AD7776, AD7777, and AD7778.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD7776, AD7777, and AD7778 product with the '916 Patent.

22

23

24

25

397.    As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

26

27

398.    Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '916 Patent, in

28

**COMPLAINT FOR FALSE PATENT MARKING**

1    combination with products, including but not limited to AD7776, AD7777, and AD7778, to

2    intentionally deceive the public.

3        399.   Upon information and belief, each offense of false marking caused by Defendant

4    has and continues to deceive the public to the financial benefit of Defendant, and Defendant

5    continues to take advantage of a patent right to which it is no longer entitled.

6        400.   Upon information and belief, each offense of false marking caused by Defendant

7    has and continues to deter competition to the financial benefit of Defendant.

8        401.   Upon information and belief, public deception, and/or competitive harm caused by

9    each of Defendant's false marking has and continues to harm the United States, including

10   Plaintiff, a representative of the public incurring the cost and time associated with this

11   enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts

12   and sciences.

### TWENTY-FIRST CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 4,590,456

15       402.   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

16   herein.

17       403.   Defendant has and continues to make, use, offer for sale, sell, and/or import in the

18   United States certain products, including but not limited to AD7837 and AD7847.

19       404.   Defendant has and continues to improperly mark, affix, and/or advertise patent

20   rights that they no longer possess, including the '456 Patent.  By way of example, Defendant

21   marks the data sheet used to advertise AD7837 and AD7847 with the '456 Patent, despite the fact

22   that the '456 Patent expired on May 20, 2003.

23       405.   Upon information and belief, Defendant is a sophisticated technology company

24   with a large in-house legal department that has many decades of experience applying for,

25   obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748

26   patents in the United States alone.

27       406.   Defendant knows or reasonably should have known that the '456 Patent has

28   expired.

Case No.                              Page 51

407.   When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

408.   Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

409.   The data sheet for AD7837 and AD7847 is linked to Analog Devices' website at http://www.analog.com/en/digital-to-analog-converters/da-converters/ad7837/products/ product.html (last visited August 10, 2010).   At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev C, 08/2000," which, upon information and belief, indicates that the data sheet was last revised in August 2000, approximately three years before the '456 Patent expired.

410.   Upon information and belief, at least the exemplary advertising shown in paragraph 404 above was used in commerce after the expiration date of the '456 Patent.

411.   The instance of false marking shown in paragraph 404 above is representative and not exhaustive.

412.   On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD7837 and AD7847 with one or more of the Expired Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked AD7837 and AD7847 with '456 Patent despite the fact that the '456 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of AD7837 and AD7847.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD7837 and AD7847 product with the '456 Patent.

413.   As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

414.   Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '456 Patent, in

1    combination with products, including but not limited to AD7837 and AD7847, to intentionally

2    deceive the public.

3        415.    Upon information and belief, each offense of false marking caused by Defendant

4    has and continues to deceive the public to the financial benefit of Defendant, and Defendant

5    continues to take advantage of a patent right to which it is no longer entitled.

6        416.    Upon information and belief, each offense of false marking caused by Defendant

7    has and continues to deter competition to the financial benefit of Defendant.

8        417.    Upon information and belief, public deception, and/or competitive harm caused by

9    each of Defendant's false marking has and continues to harm the United States, including

10   Plaintiff, a representative of the public incurring the cost and time associated with this

11   enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts

12   and sciences.

13                        **TWENTY-SECOND CAUSE OF ACTION**

14                    **FALSE MARKING – U.S. PATENT NO. 4,604,532**

15       418.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

16   herein.

17       419.    Defendant has and continues to make, use, offer for sale, sell, and/or import in the

18   United States certain products, including but not limited to AD8305.

19       420.    Defendant has and continues to improperly mark, affix, and/or advertise patent

20   rights that they no longer possess, including the '532 Patent. By way of example, Defendant

21   marks the data sheet used to advertise AD8305 with the '532 Patent, despite the fact that the '532

22   Patent expired on August 5, 2003.

23       421.    Upon information and belief, Defendant is a sophisticated technology company

24   with a large in-house legal department that has many decades of experience applying for,

25   obtaining, licensing, and litigating patents. Since 1976, Defendant has been assigned 1748

26   patents in the United States alone.

27       422.    Defendant knows or reasonably should have known that the '532 Patent has

28   expired.

423. When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

424. Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

425. The data sheet for AD8305 is linked to Analog Devices' website at http://www.analog.com/en/fiberoptic/loglimiting-amplifiers/ad8305/products/product.html (last visited August 10, 2010). At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev B, 04/2010," which, upon information and belief, indicates that the data sheet was last revised in April 2010, approximately seven years after the '456 Patent expired.

426. Upon information and belief, at least the exemplary advertising shown in paragraph 420 above was used in commerce after the expiration date of the '532 Patent.

427. The instance of false marking shown in paragraph 420 above is representative and not exhaustive.

428. On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD8305 with one or more of the Expired Patents. The Mismarking Letter was received April 8, 2010. Defendant has falsely marked AD8305 with '532 Patent despite the fact that the '532 Patent has expired. On or before April 8, 2010 Defendant had knowledge of the false marking of AD8305. To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD8305 product with the '532 Patent.

429. As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292. Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

430. Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '532 Patent, in combination with products, including but not limited to AD8305, to intentionally deceive the public.

Case No.                      Page 54

431.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

432.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

433.    Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

## TWENTY-THIRD CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 5,030,849

434.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

435.    Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to AD22103.

436.    Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '849 Patent.  By way of example, Defendant marks the data sheet used to advertise AD22103 with the '849 Patent, despite the fact that the '849 Patent expired on June 30, 2009.

437.    Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

438.    Defendant knows or reasonably should have known that the '849 Patent has expired.

439.    When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

440.    Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

441.    The data sheet for AD8305 is linked to Analog Devices' website at http://www.analog.com/en/sensors/analog-temperature-sensors/ad22103/products/product.html (last visited August 10, 2010). At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev 0, 03/1996," which, upon information and belief, indicates that the data sheet was last revised in March 1996, approximately thirteen years before the '456 Patent expired.

442.    Upon information and belief, at least the exemplary advertising shown in paragraph 436 above was used in commerce after the expiration date of the '849 Patent.

443.    The instance of false marking shown in paragraph 436 above is representative and not exhaustive.

444.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking AD22103 with one or more of the Expired Patents. The Mismarking Letter was received April 8, 2010. Defendant has falsely marked AD22103 with '849 Patent despite the fact that the '849 Patent has expired. On or before April 8, 2010 Defendant had knowledge of the false marking of AD22103. To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its AD22103 product with the '849 Patent.

445.    As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292. Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

446.    Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '849 Patent, in combination with products, including but not limited to AD22103, to intentionally deceive the public.

447.     Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

448.     Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

449.     Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

### TWENTY-FOURTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 4,446,303

450.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

451.     Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to ADG508F, ADG509F, and ADG528F.

452.     Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '303 Patent. By way of example, Defendant marks the data sheets used to advertise ADG508F, ADG509F, and ADG528F with the '303 Patent, despite the fact that the '303 Patent expired on July 26, 2003.

453.     Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents. Since 1976, Defendant has been assigned 1748 patents in the United States alone.

454.     Defendant knows or reasonably should have known that the '303 Patent has expired.

455.     When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

456. Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

457. The data sheet for ADG508F, ADG509F, and ADG528F is linked to Analog Devices' website at http://www.analog.com/en/switchesmultiplexers/multiplexers-muxes/adg508f/products/product.html (last visited August 10, 2010). At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet is described as "Data Sheet Rev E, 07/2009," which, upon information and belief, indicates that the data sheet was last revised in July 2009, approximately six years after the '303 Patent expired.

458. The data sheet for ADG508F, ADG509F, and ADG528F includes a copyright stamp marked "© 2001-2009 Analog Devices, Inc. All rights reserved," which, upon information and belief, indicates that the data sheet was last revised in the year 2009, approximately eight years after the '863 Patent expired.

459. Upon information and belief, at least the exemplary advertising shown in paragraph 452 above was used in commerce after the expiration date of the '303 Patent.

460. The instance of false marking shown in paragraph 452 above is representative and not exhaustive.

461. On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking ADG508F, ADG509F, and ADG528F with one or more of the Expired Patents. The Mismarking Letter was received April 8, 2010. Defendant has falsely marked ADG508F, ADG509F, and ADG528F with '303 Patent despite the fact that the '303 Patent has expired. On or before April 8, 2010 Defendant had knowledge of the false marking of ADG508F, ADG509F, and ADG528F. To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its ADG508F, ADG509F, and ADG528F product with the '303 Patent.

462. As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292. Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

Case No.                                    Page 58

**COMPLAINT FOR FALSE PATENT MARKING**

463.    Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '303 Patent, in combination with products, including but not limited to ADG508F, ADG509F, and ADG528F, to intentionally deceive the public.

464.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

465.    Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

466.    Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

### TWENTY-FIFTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 4,055,770

467.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

468.    Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to DAC10.

469.    Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '770 Patent.  By way of example, Defendant marks the data sheet used to advertise DAC10 with the '770 Patent, despite the fact that the '770 Patent expired on October 25, 1994.

470.    Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

1    471.    Defendant knows or reasonably should have known that the '770 Patent has

2    expired.

3    472.    When a patent expires, all prospective rights in the patent terminate irrevocably.

4    Therefore, a product marked with an expired patent is falsely marked.

5    473.    Upon information and belief, Defendant's in-house legal department monitors

6    Defendant's patent rights, including marking, labeling, and/or advertising thereto.

7    474.    The data sheet for DAC10 is linked to Analog Devices' website at

8    http://www.analog.com/en/digital-to-analog-converters/da-converters/dac10/products/

9    product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this

10   Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev D, 06/1998,"

11   which, upon information and belief, indicates that the data sheet was last revised in June 1998,

12   approximately four years after the '770 Patent expired.

13   475.    Upon information and belief, at least the exemplary advertising shown in

14   paragraph 469 above was used in commerce after the expiration date of the '770 Patent.

15   476.    The instance of false marking shown in paragraph 469 above is representative and

16   not exhaustive.

17   477.    On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying

18   Defendant that it was improperly marking DAC10 with one or more of the Expired Patents.  The

19   Mismarking Letter was received April 8, 2010.  Defendant has falsely marked DAC10 with '770

20   Patent despite the fact that the '770 Patent has expired.  On or before April 8, 2010 Defendant had

21   knowledge of the false marking of DAC10.  To date, Defendant continues to ignore notice of the

22   expired patent and continues to falsely mark its DAC10 product with the '770 Patent.

23   478.    As a sophisticated technology company with, experience applying for, obtaining,

24   and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35

25   U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the

26   Mismarking Letter of April 7, 2010.

27   479.    Defendant has and continues to purposefully mark, affix, and/or advertise patent

28   rights that they no longer possess, including but not limited to the expired '770 Patent, in

1   combination with products, including but not limited to DAC10, to intentionally deceive the

2   public.

3         480.   Upon information and belief, each offense of false marking caused by Defendant

4   has and continues to deceive the public to the financial benefit of Defendant, and Defendant

5   continues to take advantage of a patent right to which it is no longer entitled.

6         481.   Upon information and belief, each offense of false marking caused by Defendant

7   has and continues to deter competition to the financial benefit of Defendant.

8         482.   Upon information and belief, public deception, and/or competitive harm caused by

9   each of Defendant's false marking has and continues to harm the United States, including

10   Plaintiff, a representative of the public incurring the cost and time associated with this

11   enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts

12   and sciences.

### TWENTY-SIXTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 4,056,740

15         483.   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

16   herein.

17         484.   Defendant has and continues to make, use, offer for sale, sell, and/or import in the

18   United States certain products, including but not limited to DAC10.

19         485.   Defendant has and continues to improperly mark, affix, and/or advertise patent

20   rights that they no longer possess, including the '740 Patent.  By way of example, Defendant

21   marks the data sheet used to advertise DAC10 with the '740 Patent, despite the fact that the '740

22   Patent expired on November 1, 1994.

23         486.   Upon information and belief, Defendant is a sophisticated technology company

24   with a large in-house legal department that has many decades of experience applying for,

25   obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748

26   patents in the United States alone.

27         487.   Defendant knows or reasonably should have known that the '740 Patent has

28   expired.

488.     When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

489.     Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

490.     The data sheet for DAC10 is linked to Analog Devices' website at http://www.analog.com/en/digital-to-analog-converters/da-converters/dac10/products/ product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev D, 06/1998," which, upon information and belief, indicates that the data sheet was last revised in June 1998, approximately four years after the '740 Patent expired.

491.     Upon information and belief, at least the exemplary advertising shown in paragraph 485 above was used in commerce after the expiration date of the '740 Patent.

492.     The instance of false marking shown in paragraph 485 above is representative and not exhaustive.

493.     On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking DAC10 with one or more of the Expired Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked DAC10 with '740 Patent despite the fact that the '740 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of DAC10.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its DAC10 product with the '740 Patent.

494.     As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

495.     Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '740 Patent, in combination with products, including but not limited to DAC10, to intentionally deceive the public.

Case No.                                       Page 62

**COMPLAINT FOR FALSE PATENT MARKING**

496.     Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

497.     Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

498.     Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

## TWENTY-SEVENTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 4,092,639

499.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

500.     Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to DAC10.

501.     Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '639 Patent.  By way of example, Defendant marks the data sheet used to advertise DAC10 with the '639 Patent, despite the fact that the '639 Patent expired on January 6, 1996.

502.     Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

503.     Defendant knows or reasonably should have known that the '639 Patent has expired.

504.     When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

505.   Upon information and belief, Defendant's in-house legal department monitors Defendant's patent rights, including marking, labeling, and/or advertising thereto.

506.   The data sheet for DAC10 is linked to Analog Devices' website at http://www.analog.com/en/digital-to-analog-converters/da-converters/dac10/products/product.html (last visited August 10, 2010).  At that web-page (a copy of which is attached to this Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev D, 06/1998," which, upon information and belief, indicates that the data sheet was last revised in June 1998, approximately two years after the '639 Patent expired.

507.   Upon information and belief, at least the exemplary advertising shown in paragraph 501 above was used in commerce after the expiration date of the '639 Patent.

508.   The instance of false marking shown in paragraph 501 above is representative and not exhaustive.

509.   On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying Defendant that it was improperly marking DAC10 with one or more of the Expired Patents.  The Mismarking Letter was received April 8, 2010.  Defendant has falsely marked DAC10 with '639 Patent despite the fact that the '639 Patent has expired.  On or before April 8, 2010 Defendant had knowledge of the false marking of DAC10.  To date, Defendant continues to ignore notice of the expired patent and continues to falsely mark its DAC10 product with the '639 Patent.

510.   As a sophisticated technology company with, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the Mismarking Letter of April 7, 2010.

511.   Defendant has and continues to purposefully mark, affix, and/or advertise patent rights that they no longer possess, including but not limited to the expired '639 Patent, in combination with products, including but not limited to DAC10, to intentionally deceive the public.

512.   Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

513.   Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

514.   Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

## TWENTY-EIGHTH CAUSE OF ACTION

### FALSE MARKING – U.S. PATENT NO. 4,739,281

515.   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

516.   Defendant has and continues to make, use, offer for sale, sell, and/or import in the United States certain products, including but not limited to SMP04.

517.   Defendant has and continues to improperly mark, affix, and/or advertise patent rights that they no longer possess, including the '281 Patent.  By way of example, Defendant marks the data sheet used to advertise SMP04 with the '281 Patent, despite the fact that the '281 Patent expired on April 19, 2005.

518.   Upon information and belief, Defendant is a sophisticated technology company with a large in-house legal department that has many decades of experience applying for, obtaining, licensing, and litigating patents.  Since 1976, Defendant has been assigned 1748 patents in the United States alone.

519.   Defendant knows or reasonably should have known that the '281 Patent has expired.

520.   When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is falsely marked.

1    521.   Upon information and belief, Defendant's in-house legal department monitors

2    Defendant's patent rights, including marking, labeling, and/or advertising thereto.

3    522.   The data sheet for SMP04 is linked to Analog Devices' website at

4    http://www.google.com/search?hl=en&q=SMP04+analog+devices&aq=f&aqi=&aql=&oq=&gs_r

5    fai= (last visited August 10, 2010).  At that web-page (a copy of which is attached to this

6    Complaint as part of Exhibit C), the data sheet  is described as "Data Sheet Rev D, 06/1998,"

7    which, upon information and belief, indicates that the data sheet was last revised in June 1998,

8    approximately seven years before the '281 Patent expired.

9    523.   Upon information and belief, at least the exemplary advertising shown in

10   paragraph 517 above was used in commerce after the expiration date of the '281 Patent.

11   524.   The instance of false marking shown in paragraph 517 above is representative and

12   not exhaustive.

13   525.   On April 7, 2010, Plaintiff sent the Mismarking Letter to Defendant notifying

14   Defendant that it was improperly marking SMP04 with one or more of the Expired Patents.  The

15   Mismarking Letter was received April 8, 2010.  Defendant has falsely marked SMP04 with '281

16   Patent despite the fact that the '281 Patent has expired.  On or before April 8, 2010 Defendant had

17   knowledge of the false marking of SMP04.  To date, Defendant continues to ignore notice of the

18   expired patent and continues to falsely mark its SMP04 product with the '281 Patent.

19   526.   As a sophisticated technology company with, experience applying for, obtaining,

20   and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35

21   U.S.C. § 292.  Defendant was also informed of the requirements of 35 U.S.C. § 292 by the

22   Mismarking Letter of April 7, 2010.

23   527.   Defendant has and continues to purposefully mark, affix, and/or advertise patent

24   rights that they no longer possess, including but not limited to the expired '281 Patent, in

25   combination with products, including but not limited to SMP04, to intentionally deceive the

26   public.

27

28

528. Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant, and Defendant continues to take advantage of a patent right to which it is no longer entitled.

529. Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

530. Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false marking has and continues to harm the United States, including Plaintiff, a representative of the public incurring the cost and time associated with this enforcement, and continues to run afoul of the patent laws, which are designed to promote the arts and sciences.

## PRAYER FOR RELIEF

531. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a) A decree that Defendant has falsely marked products in violation of 35 U.S.C. § 292;

(b) An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c) An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d) All costs and fees incurred as a result of the prosecution of this action; and

(e) Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

COMPLAINT FOR FALSE PATENT MARKING

# DEMAND FOR JURY TRIAL

532.     Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by a jury.

Dated: August 17, 2010

By: _____

EcoTech Law Group, P.C.
Ben Bedi (State Bar No. 172591)
e-mail: ben.bedi@ecotechlaw.com
Dara Tabesh (State Bar No. 230434)
e-mail: dara.tabesh@ecotechlaw.com
201 Spear St. Ste. 1100
San Francisco, CA 94105
Telephone: (415) 595-9208
Facsimile: (415) 230-5310

Attorneys for Plaintiff